**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Wayne W. Curry,** | § | |
| | § | |
|    **plaintiff,** | § | |
| | § | |
| **v.** | § | **Case: 4:22-cv--2626** |
| | § | |
| **Newrez LLC d/b/a Newrez Mortgage LLC** | § | |
| **d/b/a Shellpoint Mortgage Servicing,** | § | |
| | § | |
|    **defendant.** | § | |

## SHELLPOINT'S REMOVAL NOTICE

NewRez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**) removes Wayne W. Curry's state court action to this court pursuant to 28 USC §§ 1332 and 1441.

### I.     STATEMENT OF THE CASE

1.     On July 27, 2022, Mr. Curry sued Shellpoint in the 151st district court of Harris County, Texas in the case styled *Wayne W. Curry v. Newrez LLC d/b/a Newrez Mortgage LLC d/b/a Shellpoint Mortgage Servicing* and assigned case 2022-45224. (pet., **ex. 1**.) He sues to stop foreclosure proceedings against the property located at 5014 Amorgas Isle Drive, Spring, Texas 77388. (*Id.* at ¶ 8, **ex. 1**.)

2.     Mr. Curry alleges a foreclosure sale of the property scheduled August 2, 2022 "is unlawful because [Shellpoint] did not comply with HUD regulations as required by law." (*Id.* at ¶ 7, **ex. 1**.) Basing on these allegations, Mr. Curry asserts a single claim seeking a declaratory judgment "the substitute trustee sale of the property is unlawful and must be postponed until [Shellpoint] complies with 24 CFR 203.604." (*Id.* at ¶ 54, **ex. 1**.) He also requests injunctive relief, attorneys' fees, court costs, and interest. (*Id.* at ¶¶ 52, 55, **ex. 1**.)

## II.   BASIS FOR DIVERSITY JURISDICTION

3.      Diversity jurisdiction exists because the real parties in interest are completely diverse and the amount in controversy exceeds $75,000.  28 USC § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." *Id*. at 84.  Only the citizenship of the real parties in interest is considered for diversity jurisdiction purposes.  *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857-58 (5th Cir. 2003).

**A.     The parties are citizens of different states.**

4.      Mr. Curry is a Texas citizen because it is where he is domiciled.  (pet. at ¶ 8, **ex. 1**.) *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

5.      Shellpoint is a citizen of Delaware and New York.  Shellpoint is an assumed name of NewRez LLC, a Delaware limited liability company.  The citizenship of a limited liability company is determined by the citizenship of each of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  NewRez LLC has one member: Shellpoint Partners LLC, a Delaware limited liability company.  Shellpoint Partners LLC has two members: (**1**) NRM Acquisition LLC and (**2**) NRM Acquisition II LLC, both of which are Delaware limited liability companies.  They each have just one member: New Residential Mortgage LLC, a Delaware limited liability company.  New Residential Mortgage LLC has one member: New Residential Investment Corp.  New Residential Investment Corp. is a Delaware corporation with its principal place of business in New York.  A corporation is a citizen both of the state in which it is incorporated and the state in which it maintains its principal place of business.  28 USC § 1332(c).

**B.      The amount in controversy exceeds $75,000.**

6.      When a defendant removes on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition.  28 USC § 1446(c)(2).  If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant to prove the value of the plaintiff's claims.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  In those instances, the removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This requirement can be satisfied if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."  *Id.* (citing *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

7.      "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation."  *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *see also Nationstar Mortg., LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen … a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).

8.      The object of this litigation–5014 Amorgas Isle Drive, Spring, Texas 77388–is valued at $261,416 by the Harris County Appraisal District.  (appraisal dist. report, **ex. 9**.)  *See e.g.*, *Anderson v. Wells Fargo Bank, N.A.*, No. 4:12-cv-764, 2013 WL 1196535, at *3 (E.D. Tex. Feb. 22, 2013) ("The property at issue in this lawsuit has a current fair market value of $114,000,

according to the Denton County Central Appraisal District.  Therefore, Defendant has met its burden of establishing that the amount in controversy exceeds $75,000.")  The amount in controversy exceeds $75,000, and the court may exercise diversity jurisdiction over this action.

### III.   PROCEDURAL REQUIREMENTS SATISFIED

9.      Removal is timely under 28 USC § 1446(b) because Shellpoint was not formally served with process more than 30 days ago.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (requiring formal service of process to trigger removal deadline). Venue is proper in this court because the United States District Court for the Southern District of Texas, Houston Division, embraces the place in which the state court action was pending.  28 USC § 1441(a).  Notice has been sent to the state court regarding this removal.  Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-7**.

### V.   CONCLUSION

This court may exercise diversity jurisdiction because the parties are completely diverse and, based on Mr. Curry's claims for relief, the amount in controversy exceeds $75,000.

Date: August 5, 2022

Respectfully submitted,

*/s/ C. Charles Townsend*

C. Charles Townsend
SBN:  24028053, FBN:  1018722
charles.townsend@akerman.com
*Attorney in Charge*
Matthew W. Lindsey
SBN:  24071893, FBN:  1278191
matthew.lindsey@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT
NEWREZ LLC D/B/A SHELLPOINT
MORTGAGE SERVICING**

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served on August 5, 2022 as follows:

**VIA CM/ECF SYSTEM AND
CERTIFIED MAIL RECEIPT
NO. 9414 7266 9904 2186 4865 12**
James Minerve
13276 N. Highway 183, Suite 209
Austin, Texas 78750
*Attorney for plaintiff Wayne W. Curry*

*/s/ Matthew W. Lindsey*

Matthew W. Lindsey